NO. 07-00-0221-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 10, 2001



______________________________


 


IBP, INC., APPELLANT



V.



STEVEN M. KLUMPE AND JEFF BLACKBURN,


SAM FADDUOL, KEVIN GLASHEEN, 


AND FADDUOL & GLASHEEN, P.C., APPELLEES



_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 84,777-B; HONORABLE SAMUEL KISER, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant and appellees Sam Fadduol, Kevin Glasheen and Fadduol & Glasheen,
P.C. filed an Agreed Motion to Dismiss Appeal on August 31, 2001, averring that all claims
and controversies have been settled between these parties. The Agreed Motion to Dismiss
is signed by both appellant and appellees Sam Fadduol, Kevin Glasheen and Fadduol &
Glasheen, P.C. 


 The Agreed Motion to Dismiss Appeal is granted and that portion of the appeal
involving appellees Sam Fadduol, Kevin Glasheen and Fadduol & Glasheen, P.C. is
hereby dismissed. Tex. R. App. P. 42.2. Having dismissed that portion of the appeal
involving appellant and appellees Sam Fadduol, Kevin Glasheen and Fadduol & Glasheen,
P.C. at the parties' request, no motion for rehearing will be entertained. 



 Phil Johnson

 Justice
























Do not publish.



/span>

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee
_________________________________

FROM THE 410TH DISTRICT COURT OF MONTGOMERY COUNTY;

NO. 07-07-07649-CR; HON. K. MICHAEL MAYES, PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
          James Milton Roberts was convicted of two counts of aggravated sexual assault of
a child and sentenced to imprisonment for life. He seeks to reverse those convictions by
claiming that 1) the evidence is legally insufficient to support them, and 2) the trial court
erred in admitting into evidence his oral statement given to the police. We affirm the
judgments. 
          
          Legal Sufficiency
           Appellant was charged with having caused the penetration of the female sexual
organ of his former girlfriend’s daughter by the insertion of his finger (count 1) and with
having caused the penetration of her female sexual organ by his sexual organ or by
causing her sexual organ to contact his sexual organ (count 2). Appellant contends the
evidence is insufficient because the complainant was the only one to testify to the assaults
and she waited several years to tell anyone about them. The issues are overruled.
          The testimony of a child victim alone can be sufficient to sustain a conviction for
aggravated sexual assault. Bargas v. State, 252 S.W.3d 876, 888 (Tex. App.–Houston
[14th Dist.] 2008, no pet.); Perez v. State, 113 S.W.3d 819, 838 (Tex. App.–Austin 2003,
pet. ref’d). Here, the youth testified that appellant moved his finger in and out of her vagina
on more than one occasion. She also testified that he later progressed to putting his penis
in her vagina, that it hurt, and that white stuff would come out of his penis. In addition to
this testimony, there was evidence that 1) the complainant had a healed hymenal
transection caused by blunt force that was consistent with penile penetration and for which
no alternative explanations were provided, 2) appellant confessed to penetrating the
complainant with his finger and penis but claimed it was initiated by the complainant and
his girlfriend who told him he needed to teach the complainant about sex, and 3) appellant
threatened to hurt the child and her mother if the child told anyone what was happening. 
From this evidence, a rational trier of fact could have found beyond a reasonable doubt
that appellant committed the acts alleged in both counts of the indictment. 
          
          Lack of Statutory Warnings
          Next, appellant argues that his oral statement should not have been admitted into
evidence because the admonitions given him did not substantially comply with art. 38.22
of the Code of Criminal Procedure. We overrule the issue.
          Article 38.22 provides that an electronic recording of a defendant’s statement
resulting from a custodial interrogation may not be admitted into evidence unless prior to
the statement, but during the recording, the accused was given the following warnings: 1)
he has the right to remain silent and not make any statement at all and that any statement
he makes may be used against him at his trial; 2) any statement he makes may be used
as evidence against him in court; 3) he has the right to have a lawyer present to advise him
prior to and during any questioning; 4) if he is unable to employ a lawyer, he has the right
to have a lawyer appointed to advise him prior to and during any questioning; and 5) he
has the right to terminate the interview at any time. Tex. Code Crim. Proc. Ann. art. 38.22
§2(a) & §3(a)(2) (Vernon 2005). Equivalent though not identical warnings will also satisfy
the statute. Id. §3(e)(2). Here, the trial court found that appellant was in custody at the
time he made his statement and that the warnings he received met the statutory
requirements.


 
          The first problem we encounter is that appellant did not specify how the warnings
he received failed to comport with those mandated by art. 38.22. Given this, he did not
adequately brief the issue and, therefore he waived it.
          The second problem is that if he is suggesting that there existed a lack of substantial
compliance because the officer simply told him that his statement would be used in “court”
as opposed to trial, the argument was rejected in Bible v. State, 162 S.W.3d 234 (Tex.
Crim. App. 2005). There, the court addressed a like argument and concluded that use of
the word “court” is the fully effective equivalent of “trial” because the two required warnings
overlap and “court” is the broader term. Id. at 241.
          The third problem is that if he is suggesting that the police failed to comply with art.
38.22 §2(b) (requiring that the person giving the statement knowingly and voluntarily waive
his rights to remain silent and to counsel), he is again mistaken. The record indicates that
appellant was asked if he understood his rights and admonished that the officer wanted
to make sure he understood “it.” In reply, appellant said “yes sir” and continued his
dialogue with the officer. No expressed verbal waiver of his rights was uttered by
appellant, however. When addressing like facts, the court in Turner v. State, 252 S.W.3d
571 (Tex. App.–Houston [14th Dist.] 2008, pet. ref’d) held that art. 38.22 §2(b) was
satisfied. Id. at 583. An express verbal waiver of his rights was not needed if the totality
of circumstances depicted a waiver, according to the court. Id. at 583-84. The totality of
circumstances depict such a waiver here. 
          The judgments of the trial court are affirmed.
 
                                                                           Brian Quinn 
                                                                          Chief Justice
 
Do not publish.